IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JEFFCOAT ENTERPRISES, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> LINVILLE MEMORIAL FUNERAL HOME, INC.; BRAD LINVILLE, In His Individual Capacity and as President of Linville Memorial Funeral Home, Inc.; MADONNA LINVILLE, In Her Individual Capacity and as an Agent/Employee of Linville Memorial Funeral Home, Inc.; <br><br> Defendants/Counter-Plaintiffs. | Case No.: 2:19-cv-01467-ACA <br><br> JURY DEMAND |

COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIM COMPLAINT

COMES NOW Counter-Defendant Jeffcoat Enterprises, Inc. and responds to the counterclaim Complaint as follows:

1.   This paragraph provides no allegations for which a response can be made.

2.   Counter-Defendants deny the allegations contained in paragraph 2, and demand strict proof thereof.

3. Counter-Defendants deny the allegations contained in paragraph 3, and demand strict proof thereof.

4. Counter-Defendants deny the allegations contained in paragraph 4, and demand strict proof thereof.

5. Counter-Defendants deny the allegations contained in paragraph 5, and demand strict proof thereof.

6. Counter-Defendants deny the allegations contained in paragraph 6, and demand strict proof thereof.

7. Counter-Defendants deny the allegations contained in paragraph 7, and demand strict proof thereof.

8. Counter-Defendants deny the allegations contained in paragraph 8, and demand strict proof thereof.

9. Counter-Defendants deny the allegations contained in paragraph 9, and demand strict proof thereof.

10. Counter-Defendants deny the allegations contained in paragraph 10, and demand strict proof thereof.

11. Counter-Defendants deny the allegations contained in paragraph 11, and demand strict proof thereof.

12. Counter-Defendants deny the allegations contained in paragraph 12, and demand strict proof thereof.

13. Counter-Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13, and demand strict proof thereof.

14. Counter-Defendants are without sufficient information to admit or deny the allegations contained in paragraph 14, and demand strict proof thereof.

15. Counter-Defendants deny the allegations contained in paragraph 15, and demand strict proof thereof.

16. Counter-Defendants deny the allegations contained in paragraph 16, and demand strict proof thereof.

## COUNT I
### Invasion of Privacy

17. This paragraph contains elements of a shotgun pleading for which no response can be made.

18. Counter-Defendants deny the allegations contained in paragraph 18, and demand strict proof thereof.

19. Counter-Defendants deny the allegations contained in paragraph 19, and demand strict proof thereof.

20. Counter-Defendants deny the allegations contained in paragraph 20, and demand strict proof thereof.

21. Counter-Defendants deny the allegations contained in paragraph 21, and demand strict proof thereof. Further, Counter-Defendants deny that Counter-Plaintiffs are entitled to any of the relief sought in this paragraph.

## COUNT II
## Lanham Act Claim

22. This paragraph contains elements of a shotgun pleading for which no response can be made.

23. Counter-Defendants deny the allegations contained in paragraph 23, and demand strict proof thereof.

24. Counter-Defendants deny the allegations contained in paragraph 24, and demand strict proof thereof.

25. Counter-Defendants deny the allegations contained in paragraph 25, and demand strict proof thereof.

26. Counter-Defendants deny the allegations contained in paragraph 26, and demand strict proof thereof.

27. Counter-Defendants deny the allegations contained in paragraph 27, and demand strict proof thereof.  Further, Counter-Defendants deny that Counter-Plaintiffs are entitled to any of the relief sought in this paragraph.

## AFFIRMATIVE DEFENSES:

Defendant pleads the following Affirmative Defenses:

1. Plaintiff's complaint fails to state a claim against any defendant upon which relief can be granted.

2. Defendant pleads fraud.

3. Defendant pleads breach of contract.

4. Defendant pleads truth.

5. Defendant pleads estoppel and/or waiver.

6. Defendant denies that any act or omission on their part caused or contributed to any damages alleged by the Plaintiff.

7. Defendant pleads the general issue.

8. Defendant pleads substantial performance.

9. Defendant pleads unjust enrichment.

10. Defendant pleads laches and/or statute of limitations as the statute of limitations has expired in this matter prior to suit being filed..

11. To the extent available, Defendant asserts all applicable privileges.

12. Defendant contests the damages alleged by Plaintiff.

13. The plaintiff is not the real party in interest and has no standing to bring this case.

14. Plaintiff has failed to mitigate damages.

15. Plaintiff's claims against Defendant are barred by the doctrine of contributory negligence.

16. Plaintiff has failed to comply with the conditions precedent to assert its claims against Defendant.

17. Plaintiff's claims are barred in whole or in part because the damages alleged were caused by the breaches or actions of those other than Defendant.

18. Plaintiff's averments are insufficient to state a proper cause of action against Defendant.

19. Plaintiff's claims are barred by the doctrines of consent and/or acquiescence.

20. Defendant pleads the defense of accord and satisfaction.

21. Defendant asserts the doctrine of set-off, including but not limited to, all the unwarranted, illegal, non-agreed upon, and extra-contractual amounts Plaintiff attempts to collect from Defendant that led to this unwarranted action.

22. Defendant asserts the doctrine of merger.

23. Defendant asserts Plaintiff has unclean hands to assert its claims in this matter.

24. Defendant asserts Plaintiff does not have standing upon which to bring this action.

25. Defendant asserts Plaintiff filed this action outside the statute of limitations.

26. Defendant asserts Plaintiff lacks jurisdiction over the subject matter.

27. Defendant asserts Plaintiff lacks jurisdiction over the person.

28. Defendant asserts insufficiency of process.

29. Defendant asserts Plaintiff does not have standing to bring this action against Defendant.

30. Defendant asserts insufficiency of service of process.

31. Defendant asserts Plaintiff has failed to join an indispensable party under Rule 19.

32. Defendant asserts Plaintiff has not qualified and/or properly qualified to do business in Alabama and therefore lacks the ability, standing, and/or statutory authority to bring this action.

33. Defendant reserves the right to amend this Answer to add any additional defenses that may be revealed through discovery or otherwise.

34. Defendant avers the affirmative defenses of Estoppel, Waiver, Justification, Statute of Limitations, Laches, Unclean Hands, and Statute of Frauds.  Defendant further avers Plaintiff had a duty to mitigate its damages but failed to do so.

35. Plaintiff's claims are barred by accord and satisfaction and/or payment and release.

36. Defendant pleads fraud, misrepresentation, and/or fraud in the inducement on the part of Plaintiff.

37. Plaintiff's claims are barred in whole or in part by the parol evidence rule.

38. Plaintiff's claims are barred because Plaintiff either failed to satisfy all terms and conditions of the contract by performing as required pursuant to the contract, if any, or failed to satisfy and/or perform material terms of the contract, if there was a contract.

39. Any acts, statements, representations, or omissions by persons or entities other than Defendant that caused damage to Plaintiff, which Defendant does not concede, were not authorized by Defendant and were not performed or given with actual, implied, or apparent authority of Defendant.  Alternatively, Plaintiff is not entitled to recover from Defendant because its damages, if any, were not caused by any act or omission of Defendant, or in the alternative, were caused by acts or omissions of others for which Defendant had no responsibility.

40. Plaintiff's claims are barred in whole or in part because the damages alleged were caused by the breaches or actions of those other than Defendant, including the breach of contract by the Plaintiff before any

breach by Defendant, and/or are otherwise too speculative to allow recovery.

41. Plaintiff's claims are barred in whole or in part by the virtue of the doctrines of consent and acquiescence.

42. Plaintiff's claims are barred in whole or in part by its failure to adhere to and perform contractual obligations.

43. No action by Defendant was the proximate cause of injury to Plaintiff.

    s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Vincent L. Adams (ADA071)
Attorneys for Plaintiff/Counter –
Defendant

OF COUNSEL:
SHELNUTT & VARNER
113 Rainbow Industrial Blvd.
Rainbow City, AL 35906
Office - (256) 547-4988
Fax – (256) 547-4544

OF COUNSEL:
ADAMS LAW GROUP, LLC
2100 SouthBridge Parkway, Ste 650
Birmingham, Alabama 35209
Telephone: (205) 414-7421
Facsimile: (866) 729-9203

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via the CM/ECF case management system this   29th   day of   December  , 2019.

Brian M. Clark  
WIGGINS CHILDS PANTAZIS  
FISHER GOLDFARB LLC  
The Kress Building  
301 Nineteenth Street North  
Birmingham, Alabama 35203  

LAW OFFICE OF ROGER C. APPELL  
301 19th Street North  
Birmingham, Alabama  35203  

                                             s/Wesley L. Phillips  
                                             OF COUNSEL